**Alexandria**
PAUL CLIFFORD SUTHERLAND, JR.

v.

MARY THEODOSIA SUTHERLAND

No. 0871-91-4

Decided March 3, 1992

COUNSEL

Alexander R. Iden (Massie, Boyd & Iden, P.C., on brief), for appellant.

John W. Ferrell (White, Blackburn & Conte, P.C., on brief), for appellee.

OPINION

**BAKER, J.**—Paul Clifford Sutherland, Jr. (husband) appeals from the May 14, 1991 decree of the Circuit Court of Clarke County (trial court) which, pursuant to Code § 20-91(9)(a), dissolved the bonds of matrimony between husband and Mary Theodosia Sutherland (wife); granted custody of their four-year old son to wife, with specified visitation rights to husband; and ordered husband to pay to wife the sum of $174 every two weeks for the support of their child. Husband asserts that custody of their child should have been granted to him and, in making the support award, the trial court failed to consider all possible sources of income available to the parties. Finding no error, we affirm the judgment of the trial court.

The parties married on May 9, 1986. Their four-year old son, Nicholai, was born on January 1, 1987. The parties separated on February 27, 1989. Nicholai has been continuously in wife's custody since the parties separated. In addition to Nicholai, wife has custody of her six-year-old son, James, who is Nicholai's half-brother and with whom Nicholai has a good relationship. In July 1990, wife began a live-in, adulterous relationship with a man she intends to marry when he obtains his divorce. The children are often present in the house when the adultery occurs.

Husband's principal charge of reversible error stems from the trial court's refusal to hold that *Brown v. Brown*, 218 Va. 196, 237 S.E.2d 89 (1977), requires that custody of Nicholai be awarded to husband. Husband states that the issue is "whether *Brown v. Brown*, 218 Va. 196, 237 S.E.2d 89 (1977), remains good law in the Commonwealth of Virginia." We perceive no reason to declare it otherwise; however, that decision did not establish a *per se* rule nor does it prevent the trial court on this record from making the custody judgment contained in its May 14, 1991 decree. A careful reading of the *Brown* opinion reveals that, in addition to her adulterous relationship, Mrs. Brown was a bad housekeeper whose apartment was dirty and unkempt; that the children were not cared for in many respects and were neglected; and that her conduct had an adverse effect on at least one of the children. None of those additional facts are present in the record before us.

Significantly, *Brown* reminds us that in all custody cases the controlling consideration is always the child's welfare and, in de-

termining the best interest of the child, the trial court must consider all the facts. *Id.* at 199, 237 S.E.2d at 91. *Brown* further reveals that on review the "decision of the trial judge is peculiarly entitled to respect for he saw the parties, heard the witnesses testify and was in closer touch with the situation than the [appellate] Court, which is limited to a review of the written record." *Id.* at 200, 237 S.E.2d at 92.

Thus, the direction given by *Brown* is that these matters are left largely to the discretion of the trial court whose judgments will not be reversed in the absence of a showing that the discretion given has been abused.

As the Court said in *Brown*, in this review we presume the trial court thoroughly weighed all the evidence and decreed custody as it believed would be to the best interest of the child. We cannot find, under the circumstances of this case, an abuse of discretion requiring reversal and transfer of Nicholai, who has been living with his mother and a half-brother since the parties separated.

Husband further alleges that in determining the child support award, the trial court erred when it did not consider wife's interest in several recently inherited parcels of real estate. The record does not disclose any income received by wife from that source. It does show that, based on their respective incomes, the award was within the statutory guidelines.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.