COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Bray and Senior Judge Hodges

SARAH ALMIRA REYNOLDS
 A/K/A SARAH ALLEN-DITTMER

v.   Record No. 2092-94-4                     MEMORANDUM OPINION[*]
                                                  PER CURIAM
FRED ANDREW REYNOLDS                           MAY 23, 1995

                                         FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                      Jane Marum Roush, Judge

             (Lori J. Lustig, on briefs), for appellant.

             (Emilia Castillo, on brief), for appellee.


       Sarah Almira Reynolds (mother) appeals the decision of the
circuit court refusing her motion to modify custody of her two
youngest children and deciding other issues.  Mother raises three
issues on appeal:  (1) whether the trial court abused its
discretion in assessing the credibility of the witnesses; (2)
whether the trial court erred by ordering a six-month review of
the visitation schedule without setting any criteria for the
review; and (3) whether the trial court abused its discretion in
setting limited times for mother's visitation.

       Upon reviewing the record and briefs of the parties, we
conclude that this appeal is without merit.  Accordingly, we
summarily affirm the decision of the trial court.  Rule 5A:27.

              In matters of custody, visitation, and
              related child care issues, the court's
              paramount concern is always the best

_____
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> interests of the child. . . . In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. A trial court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

## I. Witnesses' Credibility

"On review the 'decision of the trial judge is peculiarly entitled to respect for [she] saw the parties, heard the witnesses testify and was in closer touch with the situation than the [appellate] Court, which is limited to a review of the written record.'" Sutherland v. Sutherland, 14 Va. App. 42, 44, 414 S.E.2d 617, 618 (1992) (citation omitted).

Contrary to appellant's contention that the trial court failed to make specific findings as to the evidence, testimony or demeanor of the witnesses, the trial court noted "there was a great deal of conflicting evidence" concerning mother's new husband. The court then stated:

> I find that the allegations contained in Mr. Reynolds's [father's] Motion to Modify Visitation . . . are supported by credible evidence. In short, I conclude that [father] was justifiably concerned about whether [mother's new husband] would be present during the children's visitation with [mother].

Moreover, the trial court expressed serious reservations

2

concerning the conclusions drawn by mother's expert as to whether sexual abuse had occurred:  "it seems to me that without even hearing cross-examination that your evaluation is very incomplete to be able to draw any kind of conclusion along those lines."

In this matter, "'[t]he credibility of witnesses was crucial to the determination of the facts, and the findings of the trial [judge] based upon the judge's evaluation of the testimony of witnesses heard <u>ore</u> <u>tenus</u> are entitled to great weight.'"  <u>Aviles v. Aviles</u>, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) (citation omitted).  The trial court was entitled to believe father's witnesses, whose testimony was competent and not inherently incredible.  Therefore, we will not disturb the trial court's credibility determination, as we find no abuse of the court's discretion.

## II.  Criteria for Review of Visitation

The trial court found that father's concerns about the well-being of his children when visiting mother and her new husband were supported by credible evidence.  The paramount focus in all matters related to child custody remains the best interests of the children.  <u>See</u>, <u>e.g.</u>, <u>Farley</u>, 9 Va. App. at 327-28, 387 S.E.2d at 795.  In the future, "[t]he court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the [children's] welfare."  <u>Eichelberger v. Eichelberger</u>, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986).  Therefore, we

3

reject mother's assertion that the trial court "failed to set a standard of review by which future rulings can be issued or appealed."

### III.  Limitations on Mother's Visitation

The trial court is entitled to use its discretion in making determinations concerning visitation and its decision is reversible only upon a showing that the court abused that discretion.  M.E.D. v. J.P.M., 3 Va. App. 391, 398, 350 S.E.2d 215, 220 (1986).  The schedule approved by the trial court alternates visitation between the parties on weekends, federal holidays, Thanksgiving, and Christmas Eve; allows both parties to see the children on Christmas Day; and accommodates Father's Day, Mother's Day, and birthdays.  We find no abuse of discretion in the trial court's decision to grant mother only two weeks of visitation during the summer, as mother testified that she wanted "[a] week, or two weeks probably" for summer visitation.

Therefore, mother has failed to demonstrate an abuse of discretion by the trial court in the setting of the visitation schedule.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

4