COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

JEAN J. AIDONIS

v.          Record No. 1901-94-4          MEMORANDUM OPINION* BY
                                          JUDGE RICHARD S. BRAY
JESSIE M. BROOKS                          MAY 30, 1995

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

Paul P. Vangellow for appellant.

David D. Masterman (Cohen, Gettings, Dunham & Harrison, on
brief), for appellee.


Jean J. Aidonis (husband) and Jessie M. Brooks (wife) were divorced by decree of the trial court, which also awarded custody of the parties's two children to wife, spousal support to husband, and resolved the respective property interests pursuant to Code § 20-107.3. On appeal, husband complains that the trial court erroneously (1) valuated the parties's contributions to the marriage, (2) determined that certain credit card debts were marital, (3) awarded wife custody of the children, and (4) failed to include "reimbursement alimony" in the spousal support award. Wife assigns cross-error to the trial court's denial of her prayer for attorney fees. For the reasons that follow, we affirm the decree.

The parties are fully conversant with the extensive record, including a comprehensive written opinion of the trial judge which was expressly incorporated into the decree by reference.

* Pursuant to Code § 17-116.010 this opinion is not designated for publication.

We, therefore, recite only those facts necessary to explain our holding.

"'Where . . . the court hears the evidence ore tenus, its finding[s are] entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support [them].'" Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (quoting Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)). A decree based upon depositions is "'not as strong and conclusive as one based on evidence heard ore tenus,'" but is also "'presumed to be correct . . . [and] will not be reversed if . . . reasonably supported by substantial, competent, and credible evidence.'" Martin v. Martin, 202 Va. 769, 773, 120 S.E.2d 471, 474 (1961) (quoting Canavos v. Canavos, 200 Va. 861, 866, 108 S.E.2d. 359, 363 (1959)); see also Williams v. Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992). "[T]he burden is on him who seeks to overturn it to show that it is manifestly wrong." Canavos, 200 Va. at 866, 108 S.E.2d at 363.

## Equitable Distribution

Husband complains that the trial court erroneously found that the parties equally contributed monetarily and nonmonetarily to the marriage[1] which resulted in an inequitable distribution of the marital estate.

Our review of an equitable distribution order pursuant to

---

[1]The parties cohabited for ten years prior to the marriage, and both children were born during this time.

Code § 20-107.3 requires deference to the chancellor's resolution of the equities, and the decision will be disturbed only if it fails to comport with the statutory scheme, is without support in the evidence, or reflects an abuse of discretion. Banagan v. Banagan, 17 Va. App. 321, 326, 437 S.E.2d 229, 231-32 (1993) (citations omitted). Code § 20-107.3 requires the court to ground any relief under the statute upon consideration of several specific factors. Code § 20-107.3(E). However, "[t]he court need not quantify or elaborate exactly what weight was given to each of the factors," provided its findings are based upon credible evidence. Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988).

Here, the trial court acknowledged that husband made a "vast majority" of the monetary contributions and "aided" in wife's education prior to the marriage. However, on completion of wife's education and the marriage of the parties in 1988, "the roles changed," as wife pursued a successful professional career. Accordingly, the trial court found that "the parties made approximately equivalent monetary and nonmonetary contributions, both to the acquisition and care of the marital assets and to the well-being of the family." Any "premarital contributions" were properly considered only as they "affected the value of the marital property." Floyd v. Floyd, 17 Va. App. 222, 226, 436 S.E.2d 457, 459 (1993). Our review of the record, therefore, discloses ample support for the court's conclusion, and it will not be disturbed on appeal.

- 3 -

## Credit Card Debt

Based upon evidence of expenditures reflected in several credit card obligations, the court determined that "marital debt by credit card" aggregated $28,102.24, equally dividing that total between the parties. The findings of the trial court are supported by the record and the attendant allocation of the debt is consistent with the evidence relevant to the statutory considerations.

Husband's claim for an offset against his portion of this marital debt in consideration of marital funds expended in payment of wife's educational expenses is without merit. Assuming, without deciding, that marital funds were applied to the payment of wife's separate debt incidental to her education, any resulting monetary contribution of husband was thereby attributable to the "well-being of the family" and properly considered by the court pursuant to Code § 20-107.3(E)(1).

## Child Custody

In custody disputes, the best interests of the children is of primary and paramount importance. Smith v. Pond, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987). In determining the best interests of the children, a court must consider all the evidence and facts before it. Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986). "[O]n review the [custody] 'decision of the trial judge is peculiarly entitled to respect for he saw

- 4 -

the parties, heard the witnesses testify and was in closer touch with the situation than the [appellate] Court, which is limited to a review of the written record.'" Sutherland v. Sutherland, 14 Va. App. 42, 44, 414 S.E.2d 617, 618 (1992) (citation omitted). "Thus, . . . these matters are left largely to the discretion of the trial court whose judgments will not be reversed in the absence of a showing that the discretion given has been abused." Id.

The trial court was unpersuaded by husband's allegations of wife's parental unfitness and noted that, although husband "loves his daughters," his "parenting skills are weak." The court, therefore, determined that custody in wife, with liberal visitation reserved to husband, was in the best interests of the children. These findings are well supported by the evidence and reflect appropriate consideration of those factors enumerated in Code § 20-107.2.

## Spousal Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986) (citations omitted). "The challenge to the amount of support raises the issue of the sufficiency of the evidence to support the judgment. The judgment of the trial court is presumed correct and we may not disturb its ruling if there is credible evidence to support it."

Steinberg v. Steinberg, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990) (citation omitted).

In determining appropriate spousal support to the husband, the trial court thoroughly examined the earnings history and potential of each party as well as the remaining factors prescribed by Code § 20-107.1.  The resulting award is sufficiently supported by credible evidence and reflects no abuse of discretion.

### Attorney Fees

"An award of attorney fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citation omitted).  Although, "there can be no doubt that some of the fees in this case were incurred as the result of [husband's] unrealistic view of some of the facts in the case," the trial court also correctly noted that wife's "prayers [were likewise] not free from unreasonable positions."  Accordingly, we find that the trial court properly used its discretion in refusing to award wife attorney fees.

For the foregoing reasons, we affirm the order of the trial court.

                                              Affirmed.