COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


VIRGINIA BONDS
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2445-95-1      JUDGE RICHARD S. BRAY
                                        JULY 16, 1996
MARVIN ANDERSON


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                  John C. Morrison, Jr., Judge

           Anthony L. Montagna, Jr. (Montagna &
           Montagna, P.C., on brief), for appellant.

           Stuart R. Gordon for appellee.


     Virginia Bonds appeals the trial court's order awarding

Marvin Anderson custody of his natural child, Monte D'Artis.

Bonds, the child's maternal grandmother, complains on appeal that

(1) the evidence rebutted the legal presumption which favored

custody in Anderson, and (2) the trial court erroneously

overruled her motion for an issue out of chancery.  Finding no

error, we affirm the trial court.

     The parties are fully conversant with the record, and we

recite only those facts necessary to a disposition of this

appeal.  In accordance with well established principles, we

review the evidence on appeal in the light most favorable to the

party prevailing below, Anderson in this instance.  Bottoms v.

Bottoms, 249 Va. 410, 414, 457 S.E.2d 102, 105 (1995).

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Monte D'Artis was born to Felicia Bonds (mother), daughter of Virginia Bonds, and Marvin Anderson on February 12, 1992. Monte's parents never married, but were cohabitating together at the time of his birth. In late 1993, mother and Anderson separated, and mother retained custody of Monte, supporting him without Anderson's assistance or attention. Several months thereafter, Anderson relocated to Florida, residing there with his fiancee, Lisa Smith. On December 10, 1994, mother was fatally injured in an automobile accident, and both Anderson and Bonds petitioned for custody of Monte. Anderson prevailed in the trial court, hence this appeal by Bonds.

The record discloses that Anderson was employed as a night watchman in Florida, earning approximately $9,000 per year while pursuing education as a "pharmacist assistant." He projected an annual salary of approximately $28,000 upon completion of the training program. Anderson was initially vested with custody of Monte by temporary order of February 8, 1995, and has since provided the child with care, supervision and support. Anderson's fiancee assists him with Monte, including related care and support. The three reside in a two-bedroom apartment adequate for Monte's needs, although Anderson and his fiancee cohabit without the benefit of marriage.

Bonds was the child's primary caretaker from the time of his mother's death until Anderson assumed custody. She holds a bachelor's degree in social work and earns approximately $37,000

- 2 -

per year as a rehabilitation counselor.  It is uncontroverted that she could provide a suitable home for Monte.  Bonds' evidence included testimony that Anderson once "picked the child up from the floor" and "slammed him up against . . . the corner of a door and a wall" and had displayed violent and abusive conduct in his relationships with others, perhaps encouraging such behavior in Monte.  Bonds contends that Anderson's history of personal and financial neglect of the child prior to the mother's death evinced an indifference to Monte's well-being.  Moreover, she condemns Anderson's "meretricious relationship" with his fiancee and its immoral influence on the child.

CUSTODY

"In all child custody cases, including those between a parent and a non-parent, 'the best interests of the child are paramount and form the lodestar for the guidance of the court in determining the dispute.'"  Bailes v. Sours, 231 Va. 96, 99, 340 S.E.2d 824, 826 (1986) (citation omitted).  Where both a parent and non-parent seek custody of a child, "'the law presumes that the child's best interests will be served when in the custody of its parent.'"  Bottoms, 249 Va. at 413, 457 S.E.2d at 104 (citation omitted).

"Although the presumption favoring a parent over a non-parent is a strong one, it is rebutted when certain factors are established by clear and convincing evidence."  Bailes, 231 Va. at 100, 340 S.E.2d at 827.  Such factors include (1) parental

unfitness; (2) a previous order of divestiture; (3) voluntary relinquishment; (4) abandonment; and (5) a finding of "'special facts and circumstances . . . constituting an extraordinary reason for taking a child from its parent, or parents.'"  Id. (citations omitted).  Circumstances to be "weighed in determining [parental] unfitness" include (1) "parent[al] misconduct that affects the child," (2) "neglect of the child," (3) "a demonstrated unwillingness and inability to promote the emotional and physical well-being of the child," (4) "nature of the home environment," and (5) "moral climate in which the child is to be raised."  Bottoms, 249 Va. at 419, 457 S.E.2d at 107.

Here, the record reflects that Anderson had obtained employment in Florida while pursuing an education.  He was regularly involved in the child's care and provided an adequate home and attendant support for Monte.  While regrettable, there is no evidence that Anderson's cohabitation with his fiancee has visited any adverse effect on the child.  See Sutherland v. Sutherland, 14 Va. App. 42, 43, 414 S.E.2d 617, 618 (1992).

"[W]e presume the trial court thoroughly weighed all the evidence and decreed custody as it believed would be to the best interest of the child."  Id. at 44, 414 S.E.2d at 618. "'Where . . . the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630,

631 (1988) (citation omitted). Here, the record provides sufficient support for the trial court's finding that Bonds failed to overcome by clear and convincing evidence the presumption that custody in Anderson best served Monte's interests and, therefore, we are constrained to affirm the disputed order.[1]

### ISSUE OUT OF CHANCERY

Code § 8.01-336(E) provides that "[i]n any suit in equity, the court may . . . direct an issue to be tried by a jury" if it appears that "the case will be rendered doubtful by conflicting evidence . . . ." However, the decision is entrusted to the sound discretion of the trial court and its determination will not be reversed absent an abuse of such discretion. Code § 16.1-296; Hur v. Virginia Dep't of Social Servs., 13 Va. App. 54, 58, 409 S.E.2d 454, 457 (1991).

In overruling Bonds' motion in this instance, the court determined that the "issues posed . . . [were] not such to keep a chancellor from properly exercising his or her discretion on sound legal principles of reason and justice . . . ." Our review of the record does not reflect that the factual issues "were necessarily more appropriate for a jury than for the judge" and, thus, find no abuse of discretion in the court's ruling. Edwards v. County of Arlington, 5 Va. App. 294, 314, 361 S.E.2d 644, 655

---

[1]The record establishes that Bonds was also a suitable custodian for Monte.

(1987).

Accordingly, we affirm the trial court.

<u>Affirmed.</u>
