COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

RICHARD J. MYERS

v.   Record No. 2740-95-4                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
JENNIFER D. MYERS                            JULY 23, 1996

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Thomas S. Kenny, Judge

          (Nan M. Joseph; Ann W. Mische; Byrd, Mische,
          Bevis, Bowen, Joseph & O'Connor, on brief),
          for appellant.

          (Glenn H. Silver; Silver & Brown, on brief),
          for appellee.


     Richard J. Myers (father) appeals the decision of the

circuit court awarding custody of the parties' two children to

Jennifer D. Myers (mother).  No transcript of the four-day

hearing was filed with the appeal.  Father accepts the trial

court's factual findings, but argues that, based upon those

findings, the trial court erred as a matter of law when it

awarded sole custody of the children to mother.  Father also

argues that the court erred as a matter of law in granting

custody to mother because of concerns about what she or her

family might do if she was not granted custody.  Upon reviewing

the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decision of the trial court.  Rule 5A:27.

"In any child custody decision, the lodestar for the court is the best interest of the child." Smith v. Pond, 5 Va. App. 161, 163, 360 S.E.2d 885, 886 (1987).  "[O]n review the 'decision of the trial judge is peculiarly entitled to respect for he saw the parties, heard the witnesses testify and was in closer touch with the situation than the [appellate] Court, which is limited to a review of the written record.'"  Sutherland v. Sutherland, 14 Va. App. 42, 44, 414 S.E.2d 617, 618 (1992) (citation omitted).  "[T]hese matters are left largely to the discretion of the trial court whose judgments will not be reversed in the absence of a showing that the discretion given has been abused." Id.

In this appeal, the court's factual determinations are not challenged.  Father argues that the court's findings, as a matter of law, demonstrate error because the court failed to consider the factors contained in Code §§ 20-124.2 and 20-124.3.  We disagree.

The court found that "neither of the parents in this case is a particularly desirable choice for me" and noted that "I don't think that either one of you is doing a very good job."  The court found that recently father "has been certainly trying to establish a relationship with the kids and to make visitation with the kids when he does have them, a meaningful and loving experience."  However, he had made only "feeble efforts to have

2

any contacts with his children until well after the separation had been in place" and had "little concern about the situation in which you had left your wife in trying to raise two very difficult children."  The court also stated "to say for the last two summers you [father] haven't had any opportunity to get around to having visitation with these boys for whom you lately have come to have such concern, doesn't persuade me a whole great deal."

The court found that mother was "not a bad parent," that she "has borne the burden, along with a lot of help with her parents . . . of raising these children to this state for the last six years," and that "the children will be physically okay in her care."  The court found that granting sole custody to mother was "the only way that we will have any opportunity, or any possibility of successfully getting these children through to being young adults."

Father contends that, by awarding sole custody to mother, the court failed to consider factor 6 of Code § 20-124.3, which provides:

> 6.  The propensity of each parent to actively support the child's contact and relationship with the other parent, the relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in matters affecting the child . . . .

The court's findings, however, demonstrate that the court considered this factor, and found that the parents' inability to

3

communicate with each other eliminated any possibility of joint custody.  The court stated:

> I think the best interests of the children are going to require a sole custody award here.  Somebody has to be able to make the decisions without having another parent shoehorning into these decisions, and interfering in school, and that sort of thing.  Because, frankly, I just don't think that these parents are able to do that.

Implicit in this conclusion is the determination that neither parent would foster communication or a relationship with the other parent.

Moreover, it is apparent that the trial court reached its determination to award custody to mother based upon its evaluation of the best interests of the children.  The court acknowledged that mother had not been fully cooperative, noting that its decision might "seem to have been rewarding what I perceive to be some obstructionism on [mother's] part."  However, the court stated:

> Frankly, my real concern about giving sole custody of these children in this case to [father] is that the reaction by [mother] and her parents would be so profoundly adverse and negative to that, they would never let it rest.
>
> I just don't see -- and I can understand that. After having been through the initial experiences here that you've been through, to lose custody of the children at this point would be so devastating and so traumatic, that I don't think it would work.
>
> This case would never rest.  This case would just keep coming back, and back, and back. And these children would just be destroyed in the process.  There would be no way that a

> successful conclusion would result from
> awarding sole custody to Mr. Myers.

(Emphasis added.)

While the court did not specifically refer to the statutory factors, it is apparent from the record that the court considered the factors and that the court's decision was based upon the children's best interests. We cannot say, based upon the record before us, that the court abused its discretion.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.