COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


ROBERT J. SANTORA
                                        MEMORANDUM OPINION*
v.   Record No. 2173-96-4                    PER CURIAM
                                          MARCH 11, 1997
JULIA D. CLARK, F/K/A
 JULIA D. SANTORA

            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                 Benjamin N. A. Kendrick, Judge

        (Robert J. Santora, pro se, on brief).

        No brief for appellee.



     Robert J. Santora (father) appeals the decision of the

circuit court allowing Julia D. Clark, formerly known as Julia D.

Santora (mother), to enroll the parties' son in an elementary

school in Fairfax County.  Father contends that (1) mother's

Petition to Amend Custody Schedule did not adequately notify him

that she was seeking a change in schools and (2) there was not a

full hearing on their son's best interests.  Upon reviewing the

record and father's opening brief, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  Rule 5A:27.

     "[O]n review the 'decision of the trial judge is peculiarly

entitled to respect for he saw the parties, heard the witnesses

testify and was in closer touch with the situation than the

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[appellate] Court, which is limited to a review of the written record.'" Sutherland v. Sutherland, 14 Va. App. 42, 44, 414 S.E.2d 617, 618 (1992) (citation omitted). "[T]hese matters are left largely to the discretion of the trial court whose judgments will not be reversed in the absence of a showing that the discretion given has been abused." Id.

"'In all suits or legal proceedings, of whatever nature, in which the . . . rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary to fully protect such rights.'" Verrocchio v. Verrocchio, 16 Va. App. 314, 319, 429 S.E.2d 482, 485 (1993) (citation omitted). The record demonstrates that mother's notice squarely raised the issue of the custody and transportation of the parties' son during the school year. Mother also testified that "I have told [father] over and over again that either the school changes, the transportation changes or the schedule changes. Something has to give. And I submit that we find the best schooling and logistic schedule that best meets [the child's] needs." It also is apparent from husband's response to mother's petition that he was aware of their son's possible attendance at Keene Mill Elementary School. Therefore, husband's challenge to the court's ability to grant the ordered relief is without merit.

Mother testified that enrollment in the new school would allow their son, who was under treatment for cancer, to be among

2

other children with physical challenges as well as gifted and talented children. It would allow him to sleep later on school mornings and avoid a ride in morning traffic. The proposed school had personnel trained to assist physically challenged students. Their son would enter Keene Mill in the oldest class, rather than entering a middle school "at the bottom of the pecking order; overweight, tired, pale, no hair on his head, and a significant limp, with seventh and eighth graders." Mother noted that the child was "very concerned about being picked on."

The court's decision that enrollment in Keene Mill was in the child's best interest was supported by the evidence and was not plainly wrong.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.