COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Duff
Argued at Richmond, Virginia


RUTH B. HUGHES
                                    MEMORANDUM OPINION* BY
v.  Record No. 2565-97-2            JUDGE CHARLES H. DUFF
                                       AUGUST 11, 1998
RICHARD LEE HUGHES


           FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge

           Jill L. Weiss (Hunton & Williams, on briefs),
           for appellant.

           Denis C. Englisby (Englisby & Englisby, on
           brief), for appellee.



     Ruth B. Hughes (mother) appeals the decision of the circuit

court awarding custody of the parties' two minor children to

Richard Lee Hughes (father).  The trial court ordered a change in

custody based solely upon evidence that mother was living in the

same house with a man to whom she was not married.  We reverse

the trial court's custody decision and return custody to the

mother.

     "In matters concerning custody and visitation, the welfare

and best interests of the child are the 'primary, paramount, and

controlling consideration[s].'"  Kogon v. Ulerick, 12 Va. App.

595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted).
                    In matters of a child's welfare, trial
               courts are vested with broad discretion in
               making the decisions necessary to guard and
               to foster a child's best interests.  A trial

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

court's determination of matters within its discretion is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted).

The record before us shows that the parties separated due to various incidents of abuse by father often occurring in the presence of the two young children, Adam and Luke Boyd. On one occasion when the children were present in the same room, father threw mother against the wall and held her there by her neck, leaving her with bruises. On another occasion, father threatened to kill both himself and mother with a gun.

After leaving the home because of such abuse, mother and the children moved in with her brother for a while and then to her parents' home. Due to her father's ill-health, she moved to a YMCA shelter and then to St. Joseph's Villa, which provides housing for abused and homeless women and their children. She was asked to leave the shelter because father sent her a package which contained alcohol, a violation of the shelter's rules. At this point Mike Kopeski, a co-worker of mother, offered to allow her and her children to stay in his home. In June 1996, Kopeski, mother and her two children moved into a two bedroom house. She testified that because she had no car and insufficient income to support the boys and herself separately, she had no other options than to accept Kopeski's offer. Mother denied having a sexual

relationship with Kopeski, although she admitted being in love with him.  She produced evidence that Kopeski slept in one bedroom and that she and her two sons slept in the other bedroom.  She slept in the bottom bunk bed, one son slept in the top bunk, and the second son slept in a separate toddler bed in the room.

"Exposing children to their parents' living with persons to whom they are not married has been disfavored by our Supreme Court."  Carrico v. Blevins, 12 Va. App. 47, 49, 402 S.E.2d 235, 237 (1991) (citing Brown v. Brown, 218 Va. 196, 237 S.E.2d 89 (1977)).  In Brown, unlike the situation in the case before us, there was testimony that the mother's cohabitation adversely affected the children.  See Brown, 218 Va. at 200, 237 S.E.2d at 92.  The trial court found that the mother's adulterous relationship rendered her "an unfit and improper person to have the care and custody of these children."  Id.

In Sutherland v. Sutherland, 14 Va. App. 42, 43, 414 S.E.2d 617, 618 (1992), this Court rejected the contention that Brown established a per se rule that cohabitation renders a parent unfit.  Despite the mother's adulterous cohabitation with another man, we found no abuse of discretion in the trial court's decision to allow mother to maintain custody of the parties' child.  See id. at 44, 414 S.E.2d at 618.

Similarly, in Ford v. Ford, 14 Va. App. 551, 419 S.E.2d 415 (1992), the trial court awarded the parents joint custody, despite the fact that the father lived with his girlfriend.  The

evidence indicated that the father maintained a separate bedroom in the home. We found no abuse of discretion, noting that "no evidence was introduced that [the child] was exposed to the illicit nature of her father's relationship with [the girlfriend]" and that the father and his girlfriend "not only went to great lengths to shield [the child] from their adultery, they were also open with her about their ultimate intentions with regard to one another, telling her that they intended to marry." Id. at 555, 419 S.E.2d at 418.

In this instance, the trial court stated that it considered all of the statutory factors and that it did not "find the living arrangements that exist here with regard to these children to show that [mother] is an unfit mother." The court found insufficient evidence to prove adultery. Nonetheless, the court focused solely on mother's living with an unrelated male to change custody to father. The court noted that it was

> of the opinion that the relationship, that
> the living arrangement, is more than one of
> more [sic] convenience. Were it not for that
> living relationship this Court would probably
> be more inclined to view the factors in this
> case as being persuasive of custody and
> support of [mother].

No evidence was introduced to demonstrate that mother's cohabitation had an adverse impact on the children. Nonetheless, the court stated that

> the question becomes this: How long do we
> have to wait to determine whether or not
> children are being adversely affected by a
> relationship in which there is a third party,
> unrelated male who could be the father of

> [mother] living in the house.  I don't
> believe I'm compelled to wait.  These
> children are at very young, impressionable
> ages.  These children are ages three and four
> and-a-half. . . .  And this Court is not
> pleased with what it views to be the moral
> climate and atmosphere that exists within
> that household.

The trial court concluded that the moral climate was inappropriate based solely on the fact of cohabitation.  No evidence in the record supports the trial court's conclusion.

Code § 20-124.3 codifies the factors which the trial court must consider when determining the child's best interests for purposes of visitation and custody.  Among those factors are "[a]ny history of family abuse."  The court failed to address the allegations of abuse by father against mother, despite father's convictions for assault and battery arising from such abuse.  The court noted no factor other than mother's living arrangement, and presumed an adverse impact and negative moral climate without evidentiary support.

Because the trial court's conclusion that mother's cohabitation adversely affected the children is not supported by evidence in the record, the decree is reversed.  Custody of the parties' two sons is returned to mother.

<u>Reversed.</u>