COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


JEFFREY M. EDMONDS

                                    MEMORANDUM OPINION[*]
v.   Record No. 2186-98-4              PER CURIAM
                                      JUNE 15, 1999
LINDA M. EDMONDS


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                    John E. Wetsel, Judge

          (E. Eugene Gunter; Derrick W. Whetzel; Law
          Office of E. Eugene Gunter, on brief), for
          appellant.

          No brief for appellee.


     Jeffrey M. Edmonds (husband) appeals the decision of the

circuit court awarding custody of the parties' three children to

Linda M. Edmonds (wife) and deciding other issues.  On appeal,

husband contends that the trial court erred by (1) awarding wife

custody of the parties' children despite the fact that she was

cohabitating with another man; (2) classifying the Warren County

real estate as wife's separate property; and (3) awarding wife

seventy percent of the net proceeds from the sale of the Montana

real estate.  Upon reviewing the record and opening brief, we

conclude that this appeal is without merit.  Accordingly, we

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

summarily affirm the decision of the trial court.  See Rule
5A:27.

The record on appeal contains the trial court's Findings of
Fact and Conclusions of Law, husband's Written Statement of
Facts, Testimony, and Other Incidents of the Case, as modified
by the trial judge, and wife's response to husband's written
statement, also as modified by the trial judge.  On appeal,

> we view [the] evidence and all reasonable
> inferences in the light most favorable to
> the prevailing party below.  Where, as here,
> the court hears the evidence ore tenus, its
> finding is entitled to great weight and will
> not be disturbed on appeal unless plainly
> wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App.
15, 20, 348 S.E.2d 13, 16 (1986).

## Custody

Husband contends that the trial court erred by awarding
custody of the parties' three children to wife because wife was
cohabitating with her fiancé, a convicted felon.  He further
contends that wife's immoral relationship had a deleterious
effect on the children.

In Brown v. Brown, 218 Va. 196, 237 S.E.2d 89 (1977), the
Supreme Court of Virginia stated that

> [t]he moral climate in which children are to
> be raised is an important consideration for
> the court in determining custody, and
> adultery is a reflection of a mother's moral
> values.  An illicit relationship to which

- 2 -

> minor children are exposed cannot be
> condoned. Such a relationship must
> necessarily be given the most careful
> consideration in a custody proceeding.

Id. at 199, 237 S.E.2d at 91. However, cohabitation does not create a per se bar to custody. See Sutherland v. Sutherland, 14 Va. App. 42, 43, 414 S.E.2d 617, 618 (1992). In all cases, it is the best interests of the children that guide the trial court's custody decision.

> In matters of a child's welfare, trial
> courts are vested with broad discretion in
> making the decisions necessary to guard and
> to foster a child's best interests. A trial
> court's determination of matters within its
> discretion is reversible on appeal only for
> an abuse of that discretion, and a trial
> court's decision will not be set aside
> unless plainly wrong or without evidence to
> support it.

Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990) (citations omitted). See Code § 20-124.2(B) ("In determining custody, the court shall give primary consideration to the best interests of the child.").

The evidence set out in the written statements of facts indicated that, at the time of the hearing, wife's fiancé lived with wife and the children. Wife testified that she and her fiancé planned to marry after entry of the parties' divorce. In the trial court's Findings of Fact and Conclusions of Law, the court noted that

- 3 -

> [wife] claimed that the [husband] had a
> violent temper, and from time to time, the
> [husband] was physically and verbally
> abusive toward the wife and the children
> after the wife's father died in September
> 1995. At the time of separation, the
> parties had a very tempestuous relationship
> which adversely affected the children.

The written statements of facts indicated that, on July 4, 1996, husband beat wife in front of the children and threatened to kill her by pointing a gun to her head. On that same day, husband held the head of the oldest child under water in a swimming pool.

Other evidence demonstrated that wife was the primary caretaker during the marriage and following the separation. She was the parent that was involved in school activities and helped with homework. The children advised the guardian ad litem they wanted to stay with wife.

While husband alleged that there was evidence to support his contention that wife's cohabitation with her fiancé had a deleterious effect upon the children, the record contains no evidence supporting that conclusion.

Based upon the record, we cannot say that the trial court's decision to award wife custody was unsupported by the evidence or otherwise an abuse of discretion.

### Warren County Property

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be

set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

Husband contends that the trial court erred by finding that the Warren County real estate titled solely in wife's name was wife's separate property. He argues that he made substantial improvements to the property that resulted in an increase in its value. Thus, husband contends, he has a claim to the increased value under Code § 20-107.3(A)(3)(a). However, after reviewing husband's evidence concerning the purported improvements he made to the Warren County property during the marriage, the trial court noted that

> [i]n every instance the husband's reported values . . . are based on his estimates of the cost of materials and of the value of his time, or of the reasonable value of heavy equipment to which he had access at no cost by virtue of his employment or which he rented on one occasion to build one of the two small ponds which he constructed on the property. The Husband produced no evidence of the incremental value which these improvements added to the overall value of the property.

Moreover, husband's evidence regarding an increase in value of the property during the marriage as a result of his efforts was irrelevant under Code § 20-107.3(A)(3)(a) because the property did not belong to wife when the improvements were allegedly made. Husband alleged that he made the improvements prior to or during 1995.  However, wife's parents owned the property as tenants by the entirety at that time.  It passed to wife's mother by operation of law in 1995 upon the death of her father.  Wife purchased the property from her mother in June 1996, only six months prior to the parties' final separation.

In addition, no evidence proved that wife used marital funds to purchase the property.  Husband contends that wife received a gift from her mother to the extent that wife purchased the farm for less than its actual value.  Even if that analysis were true, it does not support husband's claim.  "Separate property is . . . (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party."  Code § 20-107.3(A)(1) (emphasis added).

Therefore, husband has failed to demonstrate error in the trial court's finding that the Warren County real estate was wife's separate property.

### Montana Property

Husband also contends that the trial court failed to properly weigh the statutory factors set out in Code § 20-107.3(E) when it

awarded him only thirty percent of the sale proceeds from the Montana real estate. We disagree. Wife testified that she used $20,000 in separate property to purchase the Montana real estate. The Montana property was only one portion of the trial court's distribution of the parties' total marital estate. There is no "statutory presumption of equal distribution" under Virginia's equitable distribution scheme, Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986), and the trial court's Findings of Fact and Conclusions of Law demonstrates that it considered the statutory factors when making its award. "A trial court, when considering these factors, is not required to quantify the weight given to each, nor is it required to weigh each factor equally, though its considerations must be supported by the evidence." Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991). Husband has not demonstrated reversible error.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.