COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


ELTON LEE MILLER, JR.
                                    MEMORANDUM OPINION*
v.    Record No. 2502-98-2              PER CURIAM
                                       JUNE 15, 1999
DAPHYNE LYNN MILLER


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
             Richard J. Jamborsky, Judge Pro Tempore

          (Gary V. Davis, on brief), for appellant.

          (Arden Brannan Schell; Weiner, Weiner &
          Weiner, on brief), for appellee.


     Elton Lee Miller, Jr., appeals the decision of the circuit

court denying his motion for a change of custody.  Father contends

that because Daphyne Lynn Miller (mother) lives with Victor

Malcolm, a man to whom she is not married, father should have

custody of the parties' two children.  Specifically, father

contends that the trial court erred by (1) failing to consider the

factors set out in Brown v. Brown, 218 Va. 196, 237 S.E.2d 89

(1977); (2) considering a statement made by Dr. Phyllis Daen in

the home study without documentation as to Dr. Daen's expertise or

the basis of her opinion; (3) finding that the children developed

nicely while residing with mother; (4) finding that father did not

object to mother's relationship with Malcolm; and (5) failing to

--------

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

articulate in its opinion how the statutory factors set out in Code § 20-124.3 applied to the facts of this case. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). In assessing whether a change in custody is warranted, a trial court applies a two-pronged test: "(1) whether there has been a change of circumstances since the most recent custody award; and (2) whether such a change would be in the best interests of the child." Hughes v. Gentry, 18 Va. App. 318, 321, 443 S.E.2d 448, 450 (1994) (citing Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983)). As the party seeking a modification of the child custody order, father bore "'the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree.'" Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993) (citation omitted). The trial court's determination of whether a change of circumstances exists and its evaluation of the best interests of the child will not be disturbed on appeal if the

court's findings are supported by credible evidence.  See

Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

### Issues One and Three

Father contends that the trial court erred when it did not find that the factors set out in Brown, 218 Va. 196, 237 S.E.2d 89, required a change of custody to him.  We find no error.

In Brown, the Supreme Court of Virginia stated the following:

> The moral climate in which children are to be raised is an important consideration for the court in determining custody, and adultery is a reflection of a mother's moral values.  An illicit relationship to which minor children are exposed cannot be condoned.  Such a relationship must necessarily be given the most careful consideration in a custody proceeding.

Id. at 199, 237 S.E.2d at 91.  However, Brown "did not establish a per se rule" that a parent's cohabitation outside of marriage precludes an award of custody.  Sutherland v. Sutherland, 14 Va. App. 42, 43, 414 S.E.2d 617, 618 (1992).  "Brown reminds us that in all custody cases the controlling consideration is always the child's welfare and, in determining the best interest of the child, the trial court must consider all the facts."  Id. at 43-44, 414 S.E.2d at 618.

The evidence demonstrated that mother and Malcolm plan to marry upon mother's divorce from Paul Russell.  Mother testified that she kept father fully informed and that her "first

- 3 -

consideration was those boys and the surroundings in which they were growing up in." Mother also testified that she and father agreed that the boys would live with him until the end of the school year, but that father told her the week after she closed on her new house that he wanted custody.

As noted by the trial court, the situation here differed significantly from the facts of Brown. In Brown, the evidence indicated that the mother's ongoing relationship had a negative effect on her young children. See Brown, 218 Va. at 200, 237 S.E.2d at 92. No similar evidence was presented in this case. Whereas the Court in Brown found the mother to be unfit, the trial court here noted that father "voices no Brown v. Brown concerns" as the parties admitted that both parents were fit and competent. While the trial court considered the fact that mother lived with Malcolm, the trial court noted that in this instance it was "inappropriate" to place much weight on those concerns as "[b]oth parents have had live-in relationships prior to marriage," a reference to the fact that the parties lived together prior to their own marriage.

As the party seeking to change custody, father bore the burden to prove a material change in circumstances and that the change warranted the transfer of custody to him. Therefore, there is no merit in father's contention that mother should have been required to prove that the relocation to North Carolina

would be beneficial to the children. See Keel, 225 Va. at 611, 303 S.E.2d at 921.

The trial court's findings are supported by the evidence. We find no error in the trial court's analysis of this matter under the standards set out in Brown.

## Issue Two

Father contends that the trial court erred by considering the statement reported by Dr. Phyllis Daen and included in the home study that the boys wanted to stay in mother's custody. We find father's contention to be without merit.

The parties stipulated to the admission of the home study. Based upon consideration of the home study and other evidence, the trial court made its decision. Other witnesses, including father, testified that the boys indicated that they wanted to return to mother's custody. We find no error in the trial court's reliance on the stipulated home study report and the information contained therein.

## Issue Four

Father contends that the trial court erred when it found that he did not object to mother's relationship with Malcolm. Mother testified that she kept father fully informed concerning her move to North Carolina and that she assured father "from the beginning that I would make those boys very accessible to him. He's their father." Mother also testified that father never

objected to her move or to her relationship with Malcolm. Father admitted that he did not object when mother relocated to North Carolina with Malcolm and that he did not tell her that he wanted to change their arrangement until he filed the motion to change custody in March 1998. Father also admitted that the boys believed "the entire time" that they would be returning to their mother in North Carolina at the end of the school year.

Whether father initially objected was a factual question to be determined by the trial court based upon the testimony of the witnesses. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We will not reverse the trial court's factual finding, which was based upon evidence received ore tenus.

### Issue Five

Finally, father contends that the trial court failed to sufficiently articulate how it considered the statutory factors set out in Code § 20-124.3 when reaching its custody decision. Father concedes that the trial court is not required to quantify the weight given to any particular factor.

The trial court's opinion letter demonstrates that the trial court considered the necessary factors. The trial court

noted that it "carefully considered those provisions of the Virginia Code which are to be considered in custody decisions." While the trial court did not specifically cite the provisions of Code § 20-124.3, it incorporated specific statutory factors into its discussion of the case, noting that the boys "developed nicely and performed well" while mother was the primary care giver; that the boys expressed the desire to return to mother's care; that both parents were fit and competent; and that both parents were willing to promote "ample and frequent contact" with the non-custodial parent. The trial court found that the parties agreed that the boys would return to mother's custody at the completion of the 1997-98 school year.

The trial court expressly found that "the boys' best interests will be served if their mother serves as primary physical custodian." The record proves that the trial court considered the statutory factors. Its decision is supported by the evidence. Therefore, we find no grounds to reverse the trial court's custody determination.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.