COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


OANH ELLIOTT

                                                    MEMORANDUM OPINION*
v.        Record No. 3102-03-4                      PER CURIAM
                                                    MAY 25, 2004
PATRICK ELLIOTT


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Leslie M. Alden, Judge

        (Michael A. Ward; Michael A. Ward, P.C., on briefs), for appellant.

        (Rachel M. Fierro; The Herndon Law Firm, P.L.C., on brief), for
        appellee.


        The trial judge awarded Oanh Elliott and Patrick Elliott "joint physical and legal custody of

their minor child with primary physical custody of the child with" the father, Patrick Elliott.  The

mother contends the trial judge erred in awarding primary physical custody of the child to the father.

Upon reviewing the record and briefs, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    Background

        The mother and the father married on January 16, 1999 and had one child of the marriage,

who was born June 10, 1999.  The parties separated on September 17, 2002, and each sought

custody of the child.

        The record indicates the child's maternal grandmother lived with the parties during most of

their marriage and cared for the child for at least a portion of each day.  The mother's son from a

previous relationship also resided with the parties during the marriage.  The mother's employment

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

requires her to travel, at times overnight. The maternal grandmother does not speak English, is unable to recite her own address, and occasionally left the child alone in the house when she took mother's son to school.

The mother testified that the father's work schedule kept him away from the home until late in the evening. The father testified, however, that he works outside the home for two to three hours each morning and works from home during the remainder of the day. At the time of the hearing, the father lived in his parents' home.

<u>Analysis</u>

"In determining custody, the court shall give primary consideration to the best interests of the child." Code § 20-124.2(B). <u>See</u> <u>Sutherland v. Sutherland</u>, 14 Va. App. 42, 43, 414 S.E.2d 617, 618 (1992) (holding that "in all custody cases the controlling consideration is always the child's welfare"). In determining what custodial arrangement serves the best interests of a child, the trial judge must consider the factors enumerated in Code § 20-124.3. In addition, Code § 20-124.2(B) provides in pertinent part as follows:

> The court shall assure minor children of frequent and continuing contact with both parents, when appropriate, and encourage parents to share in the responsibilities of rearing their children. As between the parents, there shall be no presumption or inference of law in favor of either. The court shall give due regard to the primacy of the parent-child relationship but may upon a showing by clear and convincing evidence that the best interest of the child would be served thereby award custody or visitation to any other person with a legitimate interest. The court may award joint custody or sole custody.

The trial judge emphasized that she considered all the factors in Code §§ 20-124.2 and 20-124.3. The trial judge also made extensive findings from the bench and concluded that joint custody was in the best interest of the child. Those findings support the judge's ruling "that the best interests of [the child] . . . are that she remain in the primary physical custody of her father with a

reasonable and frequent visitation schedule for [the mother] in conformance with her work schedule."

Recognizing that the grandmothers would play a role in the child care in either residence, the trial judge found that the paternal grandmother "appears to have a lot of experience in dealing with children" and that "[w]hile [the paternal grandmother] does have some physical problems, they don't appear to interfere with her ability to take care of [the child]." Noting that the maternal grandmother "speaks no English apparently and cannot recite her address," the trial judge also found it "problematic [that she is an appropriate] caretaker of a four-year-old." The trial judge further considered the fact that the parties' child and her half-brother were close but indicated the father had demonstrated a willingness to promote the child's relationship with her entire family. The trial judge also found that the mother failed to promptly respond to suggestions that her son needed medical attention for behavioral problems.

We have consistently applied the following principle:

> A trial court is not required to quantify or elaborate on what weight or consideration it has given to each of the factors in Code § 20-124.3 or to weigh each factor equally. It is vested with broad discretion to safeguard and promote the child's interests, and its decision will not be reversed unless plainly wrong or without evidence to support it.

Roberts v. Roberts, 41 Va. App. 513, 526, 586 S.E.2d 290, 296 (2003) (citations omitted). The record demonstrates that the trial judge carefully weighed the evidence, considered the factors set forth in Code § 20-124.3, as required by Code § 20-124.2, and made extensive findings. She properly focused on the best interests and welfare of the child. Therefore, we find no abuse of discretion in the judge's custody determination.

<u>Attorney Fees</u>

Both parties request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

<u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that neither party is entitled to costs or attorney's fees in the matter.

Accordingly, we summarily affirm the trial judge's decision. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>