**Richmond**

RONALD LEE WILLIAMS

v.

MAUREEN O'KEEFFE WILLIAMS

No. 1203-91-1

Decided March 24, 1992

COUNSEL

Archer L. Jones, II (Jones and Jones, P.C., on briefs), for appellant.

Steve W. Edwards (H. Woodrow Crook, Jr.; Beth J. Edwards, on brief), for appellee.

Opinion

**BRAY, J.**—By final decree entered June 5, 1991, Ronald Lee Williams (husband) was divorced from Maureen O'Keeffe Williams (wife) "on the ground that the parties . . . have lived separate and apart for a period" in excess of one year. The decree, *inter alia*, ordered the husband to pay spousal support to the wife in the amount of $200 per month and $5,000 "toward [her] attorney's fees." The husband appeals, complaining that the trial court erred when it "granted the divorce upon the ground of one year separation instead of . . . the wife's adultery" and required him to pay both spousal support and attorney's fees. We disagree and affirm the decision.

The parties to this cause were married April 19, 1986 and separated October 1, 1988. Shortly thereafter, the wife instituted these proceedings, alleging cruelty and constructive desertion by the husband. The husband's responsive pleadings denied these claims, alleged desertion by the wife and also prayed for a divorce. Later, the husband filed an Amended Cross-Bill which added adultery by the wife as an additional ground for the divorce.

The record clearly disclosed that the wife became pregnant "in approximately May, 1989" and obtained a "therapeutic abortion" the following month. Since the parties had no sexual contact subsequent to November, 1988, the husband argues that the "only inference available" is that this pregnancy "resulted from [the wife's] adulterous conduct." The wife does not deny the pregnancy, but counters that the husband's evidence failed either "to indicate . . . [the] circumstances" of the pregnancy or the identity of the father and, consequently, did not sufficiently establish the consensual sexual intercourse necessary to prove adultery.

The evidence was before the trial judge both on depositions and hearings *ore tenus*. While "a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard *ore tenus*," it is nonetheless "presumed correct and will not be overturned if supported by substantial, competent and credible evidence." *Collier v. Collier*, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986). If the court "hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." *Pommerenke v. Pommerenke*, 7 Va. App. 241, 244,

372 S.E.2d 630, 631 (1988) (quoting *Martin v. Pittsylvania County Dep't of Social Servs.*, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986)). In both instances, however, we must, on appeal, "view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below." *Id.*

The record establishes that the parties had been separated in excess of one year when the trial court granted the divorce on this ground. *See* Code § 20-91(9). Nevertheless, the husband asserts that his evidence proved the wife's adultery, and he was entitled to this determination by the court, with its attendant effect, if any, on the issues of spousal support and attorney's fees.

■ Assuming, without deciding, that the husband sufficiently proved the wife's adultery, the trial court was not compelled "to give precedence to one proven ground of divorce over another."[1] *Robertson v. Robertson*, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975). It is well established that "[w]here dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." *Lassen v. Lassen*, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989) (citing *Zinkhan v. Zinkhan*, 2 Va. App. 200, 210, 342 S.E.2d 658, 663 (1986)); *see Derby v. Derby*, 8 Va. App. 19, 25, 378 S.E.2d 74, 77 (1989).

■ The no-fault ground selected by the trial court did not diminish any obligation of the husband to support the wife, absent proof that there existed in his favor some other ground of divorce under Code §§ 20-91 or 20-95. Code § 20-91(9)(c); *Dukelow v. Dukelow*, 2 Va. App. 21, 25, 341 S.E.2d 208, 210 (1986). The presence of "some other ground of divorce" is an express consideration to a spousal support analysis under Code § 20-107.1, which permits reduction or elimination of support to a party at fault, consonant with the intendment of Code § 20-91(9)(c).

■ While the husband correctly argues that Code § 20-107.1 identifies adultery as the single fault ground for divorce which precludes "permanent maintenance and support" to the offending spouse, this limitation is not absolute. Notwithstanding a finding of adultery, the court "may award" spousal support, provided "the

---

[1] We expressly decline to hold that the evidence was sufficient to prove adultery as this finding is unnecessary to our disposition of the appeal.

court determines from clear and convincing evidence, that a denial of . . . [such support] would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties." Code § 20-107.1.

■ In his letter opinion to the parties, the trial judge did not address the adultery issue, but expressly noted his "consideration" of "those factors set forth in Code § 20-107.1." Thus, the wife's adultery, if proven to the satisfaction of the court, was implicitly considered in its determination of spousal support. Although the trial judge did not "quantify or elaborate on what weight or consideration" was given to this or any statutory factor, his opinion recited evidence clearly relevant to spousal support which, together with other "[s]ubstantial credible evidence" in the record, "supported the award." *Gibson v. Gibson*, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988). Moreover, it is presumed "that a trial judge properly based his decision on the evidence presented . . . and properly applied the law." *Brown v. Commonwealth*, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989) (citations omitted). Under such circumstances, we will not disturb the court's decision. *Calamos v. Calamos*, 4 Va. App. 96, 100, 354 S.E.2d 102, 105 (1987).

■ With respect to the partial award of attorney's fees to the wife, it is well established that this is also "a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing *Ingram v. Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)). Fault is not a bar to recovery of fees and costs, provided the court has first undertaken "a consideration of the circumstances and equities of the entire case." *Davis v. Davis*, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989); *see also Wilkerson v. Wilkerson*, 214 Va. 395, 398, 200 S.E.2d 581, 584 (1973). Again, we find ample support in the record for the court's decree.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Willis, J., concurred.