COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


DAVID B. MOORE

v.          Record No. 2378-93-2      MEMORANDUM OPINION[*]
                                   BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                MAY 16, 1995

              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    D. W. Murphey, Judge Designate

              Michael HuYoung (Patricia H. Munroe, on brief),
              for appellant.

              Leah A. Darron, Assistant Attorney General
              (James S. Gilmore, III, Attorney General,
              on brief), for appellee.


        David B. Moore was convicted in a bench trial of making a

threatening telephone call in violation of Code § 18.2-427.  On

appeal he contends that the evidence is insufficient to support

the conviction.

        Steven Lee, the complaining witness, received a telephone

call at his home in which the caller stated that "he couldn't

wait to get his hands on [Lee] when he got out of jail so he

could just whoop [Lee's] ass."  The call was one in a series of

approximately forty to fifty of the same nature which Lee

recognized as having been from the same male caller.

        At trial Lee testified, over objection, that in one of the

earlier calls, the caller had identified himself as "David

---

[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Moore."  The trial judge ruled that no proper foundation had been laid to identify the caller in order to receive the evidence for the purpose of identifying the caller.  No foundation was thereafter established.

The appellant asserts that because the trial judge did not expressly sustain the objection after ruling that no foundation had been laid, the judge admitted and considered the hearsay evidence.  An appellant may not "fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  Where ambiguity may exist in a trial judge's ruling, we consider the trial judge's comments in the light most favorable to the prevailing party.  See Bassett v. Commonwealth, 13 Va. App. 580, 582, 414 S.E.2d 419, 420 (1992). In a bench trial, we presume that the trial judge considered and decided the case only on evidence that was admitted and that the judge did not consider evidence ruled to be inadmissible.  See Williams v. Williams, 14 Va. App. 217, 221, 415 S.E.2d 252, 254 (1992) (quoting Brown v. Commonwealth, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989)).  Based upon the trial judge's ruling that no foundation had been laid, it is apparent that the judge did not admit or consider the evidence that the caller previously had  identified himself as "David Moore" for the purpose of establishing the identity of the later caller.

-2-

Lee further testified that during the time that he was receiving the threatening telephone calls, he was "seeing" the appellant's (David Moore's) wife. On one occasion when he received a phone call, the appellant's wife was with him and she identified the caller's voice as that of her husband, David Moore. The trial judge sustained the appellant's hearsay objection to her out-of-court voice identification coming into evidence through Lee. Mrs. Moore did not testify. Accordingly, the trial court excluded the hearsay identification, although the court properly admitted Lee's testimony concerning the other details of the conversation with the caller.

As to whether the remaining evidence is sufficient to identify Moore as the caller, Lee testified that he could "positively" identify Moore's voice as being the same voice as that of the caller who had made the threatening telephone call to him. Lee explained that he was able to make a "positive" identification of Moore's voice in the circuit court because after having received the threatening phone call, he had heard Moore testify in the general district court and was able to recognize his voice. Lee testified that Moore had a "very distinctive" voice.

"Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied." Yarborough, 217 Va. at 978, 234 S.E.2d at 291. The weight and credibility that a

−3−

fact finder gives to evidence which has been admitted in a case is solely within the fact finder's discretion.

The appellant contends that, even though the hearsay statements of the caller and of Moore's wife were not admissible, nevertheless, Lee, in fact, based his "positive" identification of the caller on those hearsay statements and, thus, independent of that hearsay, Lee was unable to identify the caller. He asserts, therefore, that the evidence should be considered insufficient to support the conviction.

The extent to which Lee's identification of the caller may have been influenced by Moore's wife's purported identification of her husband's voice or by the caller's identifying himself as "David Moore" is a factual determination, which depends in large measure upon the weight and credibility that the trial judge gave to Lee's testimony and explanation as to how he identified the voice of the caller. We consider that the trial judge found credible and gave weight to Lee's statement that he recognized Moore's voice as having been that of the caller when he later heard Moore testify in the general district court. Because weight and credibility are factual determinations, we presume that the trial judge found that Lee subsequently had heard Moore's voice and because of the numerous calls and Moore's distinctive voice Lee identified him independently of the hearsay.

In reviewing whether the evidence is sufficient to prove

beyond a reasonable doubt that the appellant was the person who made the threatening phone call to Lee, we consider whether the evidence, independent of the excluded hearsay, pointed unerringly to the appellant as the caller. That determination depends upon the validity of Lee's independent identification of Moore's voice as being that of the caller and the circumstantial evidence which tends to support Lee's identification.

Identity of a caller can be established by direct or circumstantial evidence. See Snead v. Commonwealth, 4 Va. App. 493, 495, 358 S.E.2d 750, 752 (1987). Testimony by a witness who recognizes the voice of the telephone caller is sufficient to prove identity. See Opanowich v. Commonwealth, 196 Va. 342, 351-53, 83 S.E.2d 432, 438 (1954); see also United States v. Robinson, 707 F.2d 811 (4th Cir. 1983). Identification of a voice heard over the telephone is valid even when the witness has acquired knowledge or become familiar with whose voice it is after the subject call. See Arnes v. Commonwealth, 3 Va. App. 189, 193, 349 S.E.2d 150, 152-53 (1986).

Lee "positively" identified the appellant's voice, which Lee had heard in the general district court, as being the voice of the person that had made the threatening phone call to him. Lee also testified that Moore's voice is distinctive and that he was familiar with the voice of the caller because he had heard it during numerous phone calls. Furthermore, during the telephone call for which the appellant was prosecuted, the caller stated

-5-

that he was in jail.  At the time the call was made, the appellant was in jail.  Lee also testified that he was "seeing" the appellant's wife, which established a motive for the appellant to have made the threatening phone call.  These circumstances tend to corroborate Lee's "positive" identification of Moore's voice as being that of the person who made the threatening phone call.  We find the evidence is sufficient, therefore, we affirm the conviction.

<u>Affirmed.</u>