COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


CALVIN CORNELL RUFFIN, SR.

v.   Record No. 1792-99-1

ANDREANIA (PACE) RUFFIN                    MEMORANDUM OPINION*
                                              PER CURIAM
ANDREANIA (PACE) RUFFIN                    FEBRUARY 22, 2000

v.   Record No. 1804-99-1

CALVIN CORNELL RUFFIN, SR.


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Verbena M. Askew, Judge

            (Frederic L. Moschel; Moschel, Gallo &
            Clancy, L.L.C., on briefs), for Calvin
            Cornell Ruffin, Sr.

            (Vicki Beard, on briefs), for Andreania
            (Pace) Ruffin.


        Calvin Cornell Ruffin, Sr. and Andreania (Pace) Ruffin appeal

the final decree of divorce entered by the circuit court.  In his

appeal, husband contends that the trial court erred in awarding

wife $1,000 in monthly spousal support.  In her appeal, wife

contends that the trial court erred by (1) failing to find that

husband held his lottery winnings in a constructive trust for the

benefit of wife and the parties' two children; (2) failing to find

that husband was at fault in the dissolution of the marriage; (3)

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

failing to order husband to pay all outstanding marital debt; and (4) failing to award wife more monthly spousal support. Upon reviewing the record and briefs of the parties, we conclude that these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## Background

The parties married in 1989, had two children, and separated in November 1995. The wife filed a bill of complaint for divorce on August 19, 1996. Based upon evidence presented at a hearing held on September 19, 1996, the trial court entered a pendente lite order on October 1, 1996, directing husband to pay $120 a week in child support and $80 a week in spousal support, beginning September 20, 1996. Husband did not make any support payments until January 1997. On September 28, 1996, husband won $4.9 million in a lottery, with a gross payout for twenty years exceeding $243,000 per annum. After husband claimed his winnings in January 1997, wife filed a motion to increase support. By order entered March 30, 1998, the trial court ordered husband to pay $2,446 in monthly child support. Monthly spousal support remained $344, and the trial court ordered husband to pay $823 to wife for payment of over $1,100 in monthly marital debts including the mortgage. The trial court left to be resolved at a later hearing whether the additional payment of $823 was to be characterized as additional spousal support.

-

By order entered April 30, 1997, the trial court referred the matter to a commissioner in chancery to determine the grounds for divorce, equitable distribution and support.  The commissioner's hearing was held on February 17, 1998, and the report filed with the court on May 4, 1998.  The commissioner recommended that husband be granted a divorce on the ground of a one-year separation.  The commissioner also recommended that wife receive $750 in monthly spousal support for a period of four years; that the parties split the marital debt equally; and that wife's request for the imposition of a constructive trust on husband's lottery winnings be denied.  Both parties filed exceptions to the report.  In its decree a vinculo matrimonii entered July 2, 1999, the trial court granted wife's exception to the commissioner's recommended spousal support award.  The trial court awarded wife $1,000 in permanent monthly spousal support.  The trial court otherwise accepted the commissioner's report.  Both parties appealed.

## Constructive Trust

Wife contends that the trial court erred by failing to find that husband's lottery winnings were subject to a constructive trust for her benefit and that of the parties' children.  Wife argues that husband used his last available funds to purchase the lottery tickets instead of paying his court-ordered child and spousal support.  The commissioner found no evidence of fraud or unjust enrichment warranting the imposition of a constructive

-

trust on husband's winnings.  The trial court agreed with that finding.

We find no error in the trial court's determination.

> "'Constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has the legal estate, in order to prevent what otherwise would be a fraud.  They occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit.'"

Rash v. Hilb, Rogal & Hamilton Co., 251 Va. 281, 287, 467 S.E.2d 791, 795 (1996) (citations and emphasis omitted).  "[T]he burden of establishing the grounds for the imposition of a constructive trust [is] by clear and convincing evidence."  Hill v. Brooks, 253 Va. 168, 174, 482 S.E.2d 816, 820 (1997).  "Moreover, in order to be entitled to the benefit of a constructive trust, a claimant's money must be 'distinctly traced' into the chose in action, fund, or other property which is to be made the subject of the trust."  Crestar Bank v. Williams, 250 Va. 198, 204, 462 S.E.2d 333, 335 (1995).

Wife contends that the $2 husband used to purchase the winning lottery ticket on September 28, 1996 were already owed to her and their children pursuant to the pendente lite order of the trial court at the September 19, 1996 hearing.  She argues that a constructive trust arose as of September 20, 1996, the date when

-

his first support payments were due.[1]  However, no fund existed on that date upon which to impose a constructive trust, as husband did not win the lottery until eight days later.  It is true that husband's first and second weekly payments were outstanding on the day husband purchased the winning lottery ticket.  However, as acknowledged by wife, husband had limited funds on September 20 due in part to the fact he recently had purchased a car.  Although husband's car payments were undoubtedly a greater drain on his ability to pay support than the $2 he used to purchase the lottery tickets, wife argued that the money husband used to purchase the tickets was traceable solely to funds obligated for support.

While husband's failure to pay his court-ordered support was reprehensible, wife failed to present sufficient evidence of fraud or unjust enrichment to warrant the imposition of a constructive trust on his lottery winnings.  Husband purchased the lottery tickets pursuant to his habit established throughout the marriage.  As a result of his winnings, he was capable of providing greater financial support to his children than at any time during the marriage.  We cannot say that husband's good fortune so reeked of injustice as to require the imposition of a constructive trust on his lottery winnings.

---

[1] This ruling was subsequently memorialized in an order entered October 1, 1996.

## Grounds of Divorce

Wife also contends that the trial court erred in failing to award her a divorce on the ground of desertion. The commissioner recommended that husband be granted a divorce on the basis of a one-year separation. The trial court accepted that recommendation. Assuming without deciding that there was sufficient evidence to support a finding of desertion by husband, "[i]t is well established that 'where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). Evidence established that the parties lived separate and apart in excess of one year intending the separation to be final. Therefore, there was evidence supporting the trial court's decision. We find no abuse of discretion in the trial court's decision not to award wife a divorce on the ground of desertion.

## Marital Debts

Wife contends that the trial court erred by failing to assign approximately $8,000 in marital debts to husband. Under Code § 20-107.3(C), the trial court has the authority "to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E." "[D]ecisions concerning equitable distribution rest within the sound discretion of the

-

trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994). There was no evidence that the debts were incurred solely for the benefit of one party. Wife's argument, distilled to its essence, is that husband's post-separation lottery winnings give him greater resources from which to pay these debts. We find that argument unpersuasive, and find no error in the trial court's decision to require the parties to share the marital debts equally.

## Spousal Support

Finally, wife contends that the trial court erred by failing to award her more spousal support. The trial court considered both the statutory factors and the evidence before making its award. While wife faced greater expenses with the prospective relocation to a larger residence, she also had the greater income throughout the marriage. In fact, wife was the primary wage earner. We find no error in the trial court's refusal to award a greater amount of spousal support.

Likewise, we find no error in the trial court's requirement that husband pay wife $1,000 per month permanent spousal support. The trial court's determinations, supported by the evidence, imposed no bar to wife's entitlement to support. The amount ordered is consistent with her proven need and husband's proven ability to pay.

-

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>