COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank


GARY DOUGLAS LEE

                                   MEMORANDUM OPINION* BY
v.    Record No. 2941-99-3          JUDGE ROBERT P. FRANK
                                       OCTOBER 3, 2000
ROBIN ELAINE COWAN LEE


            FROM THE CIRCUIT COURT OF LEE COUNTY
                  Ford C. Quillen, Judge

        (Timothy W. McAfee, on brief), for appellant.
        Appellant submitting on brief.

        (C. M. Callahan, Jr., on brief), for
        appellee.  Appellee submitting on brief.


    Gary Douglas Lee (husband) appeals the October 14, 1999

decision of the trial court affirming its previous award of

spousal support and its previous finding that Robin Lee (wife)

is entitled to spousal support.[1]  For the reasons that follow, we

affirm, in part, and reverse and remand, in part.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] The transcript of the October 14, 1999 hearing was not
included in the record of this case on appeal.  The clerk of
this Court issued a show cause to husband to show why the appeal
should not be dismissed because of the omission of the October
14, 1999 transcript.  Husband answered that the only evidence
heard at the October 14, 1999 hearing related to the valuation
of the Lee Oil Company for the purpose of equitable
distribution.  No new evidence was heard regarding the finding
that wife should receive spousal support or the amount of the
spousal support award.  We agree and, therefore, dismiss the
show cause.

## I. BACKGROUND

Wife filed a Bill of Complaint on August 1, 1997, seeking a divorce from husband on the grounds of adultery and desertion. By agreement, a pendente lite order was entered on August 8, 1997, which provided that husband was to pay $550 per month in child support and, in lieu of spousal support, wife was entitled to withdraw $440 per month from a joint checking account to pay the mortgage on the marital residence.

On January 5, 1999, a hearing was held pursuant to husband's notice. Wife also filed a motion to modify the August 8, 1997 pendente lite order to increase child support and to provide for spousal support. The trial court increased child support to $1,000 per month and awarded wife temporary spousal support of $1,000 per month. Husband immediately filed a motion to stay the order and asked for reconsideration. A subsequent hearing was conducted on February 10, 1999, and the trial court refused to amend its January 5, 1999 order. The trial court entered an order on February 10, 1999, which incorporated its previous rulings.

On June 23, 1999, the trial court heard ore tenus evidence on spousal support and the grounds of divorce and entered the final decree of divorce, reserving jurisdiction over matters of equitable distribution. On October 14, 1999, the trial court heard ore tenus evidence on the value of the remaining marital asset, Lee Oil Company (Company). On November 23, 1999 the

-

trial court entered an order regarding the division of the Company and restating its earlier award of spousal support to wife.

Husband owns fifty percent of the stock of the Company. His brother, Terry Lee, also owns fifty percent of the Company. At the February 10, 1999 hearing, Paul Harris, a certified public accountant, testified he prepared the tax returns for husband and the Company. Harris testified that he discussed the tax consequences of the Company becoming a Sub-Chapter S Corporation with Terry Lee, and on January 1, 1997, the Company elected to become a Sub-Chapter S Corporation for tax purposes. According to Harris, when a corporation elects Sub-Chapter S status, each shareholder pays tax for the corporation on his or her personal income tax return. Harris testified that for the Company's 1997 tax liability the net income of the Company was calculated and divided among the shareholders (husband and Terry Lee) on a Schedule K-1 and they paid the income tax on the Company's net profit. Harris testified the Schedule K-1 does not indicate the amount each shareholder actually received but, instead, reflects each shareholder's portion of the net profit of the Company. Harris testified husband's 1997 income tax return showed interest income of $25,045, which was retained by the Company. Husband's 1997 tax return also showed income of $342,000, which was husband's share of the net profit of the Company. Harris testified the Company distributed approximately

-

$130,000 to husband in order for him to pay his taxes but retained the remainder of its earnings for its operation. Harris testified that, based on the Company's 1997 interest income, the Company had approximately $900,000 in savings.

Terry Lee testified he is the president of the Company and makes all of the Company's financial decisions. He stated he was conservative and his biggest fear was not having enough money to pay his bills. He testified the Company planned to make an acquisition of another business and retained its earnings for the purpose of a down payment on the purchase of the other business. He stated it was difficult to borrow money in the oil business due to environmental risks and, therefore, a large down payment is necessary to reduce the risk of the loan.

At the June 23, 1999 hearing, the parties stipulated they both had sexual relations with someone other than their spouse. Wife's sexual relationship occurred in August 1998, a year after the parties' initial separation. Husband's sexual relationship occurred "on or about the time of the separation."

Wife testified she had been employed by a bank for twenty-six years. She stated she was an assistant vice president and had "topped out" at the bank and would be unable to obtain a higher position. She said her gross monthly income was $3,000. She stated husband held eight jobs over a fifteen year period prior to his ownership of the Company. She testified, during that period, husband would be laid off when

-

work was slow and she would support the family during those times.

Husband testified he was employed by Lee Oil Company. He stated his salary was approximately $40,000 per year. He testified his brother, Terry, made all the financial decisions for the Company, including the determination of salaries and bonuses. Husband testified he was responsible for the mechanical aspect of the business.

Wife did not provide any evidence to contradict Terry Lee's and husband's testimony regarding the operation of the Company nor the distributions of earnings from the Company.

## II. ANALYSIS

Appellant first contends the trial court erred in finding wife was entitled to $1,500 per month in spousal support. Appellant argues the trial court erroneously calculated his monthly earnings by considering the $367,045 shown on his 1997 income tax return, which was his portion of the net profit of the Company and the interest income retained by the Company. Husband argues his income should not be based on the $367,045 because that amount was reported on his personal income tax return due to the Sub-Chapter S status of the Company, not because he actually received that amount. Appellant argues there was no evidence he received distributions from the Company other than the 1997 distribution, which was used to pay his

-

income taxes.  He argues the earnings retained by the Company

should not be used to calculate his income.  We agree.

> On appeal, we view the evidence and all
> reasonable inferences therefrom in the light
> most favorable to the prevailing party
> below.  Alphin v. Alphin, 15 Va. App. 395,
> 399, 424 S.E.2d 572, 574 (1992).  A
> presumption exists that the trial court
> based its decision on the evidence presented
> and properly applied the law.  Williams v.
> Williams, 14 Va. App. 217, 221, 415 S.E.2d
> 252, 254 (1992).  Furthermore, a trial
> court's judgment will not be disturbed on
> appeal unless plainly wrong or without
> evidence to support it.  Jennings v.
> Jennings, 12 Va. App. 1187, 1189, 409 S.E.2d
> 8, 10 (1991).

Reece v. Reece, 22 Va. App. 368, 372, 470 S.E.2d 148, 151

(1996).

In this case, we find no evidence to support the trial

judge's determination of husband's monthly income and the amount

of the spousal support award.  Husband and Terry Lee testified

husband's salary was approximately $40,000 per year.  Further,

there was testimony from Terry Lee and Harris regarding the

retention of the Company's earnings for the down payment on the

purchase of another business and the 1997 distribution to

husband to enable him to pay income tax on the Company's net

profit.  Wife offered no evidence to the contrary, nor did she

provide evidence that husband received distributions from the

Company other than the 1997 distribution.  Further, wife does

not allege fraud, misrepresentation, or that the Company

retained earnings to reduce husband's income for the purpose of

-

determining spousal support.  Our decision is based on the narrow facts of this case, and we do not create a bright-line rule that retained earnings should or should not be considered in calculating a party's income.  We, therefore, reverse the award of spousal support and remand for determination based on the parties' current circumstances.

Husband next contends the trial court erred in affirming its earlier ruling that wife is entitled to spousal support. The trial court awarded wife spousal support, finding her post-separation adultery did not contribute to the dissolution of the marriage.  The trial court further ruled that had wife's adultery contributed to the dissolution of the marriage, justice would require an award of spousal support.

Code § 20-107.1(B) provides:

> Any maintenance and support shall be subject to the provisions of § 20-109, and no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of subdivision (1) of § 20-91.  However, the court may make such an award notwithstanding the existence of such ground if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties.

Adultery is included as a ground for divorce under Code § 20-91(A)(1).  <u>See</u> Code § 20-91(A)(1).

-

> A party who has committed adultery will not be awarded spousal support unless the trial court finds by clear and convincing evidence that denial of support would constitute a "manifest injustice, based on the respective degrees of fault during the marriage and the relative economic circumstances of the parties." Code § 20-107.1; Barnes v. Barnes, 16 Va. App. 98, 102, 428 S.E.2d 294, 298 (1993). The trial court's decision to award spousal support to a party despite his or her adultery will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Williams v. Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992).

Rahbaran v. Rahbaran, 26 Va. App. 195, 211-12, 494 S.E.2d 135, 143 (1997).

In this case, the parties were married for twenty-four years. Wife, with her income from her job at the bank, supported the family when husband was between jobs. Early in the marriage, husband was between jobs on a regular basis. The trial court found wife's post-separation adultery did not contribute to the dissolution of the marriage. Husband's admitted adultery occurred on or about the date of the parties' separation. Husband has greater earning capacity than wife. Wife testified she was an assistant vice president at a bank and had "topped out" in terms of potential advancement with the bank. While husband testified his income was approximately the same as wife's, he is a fifty percent shareholder in a corporation that was able to retain earnings of over one million dollars.

-

We find the trial court considered the parties' respective degrees of fault and their relative economic situations in finding that a denial of spousal support to wife because of her post-separation adultery would be manifestly unjust. The evidence supports the award of support.

For these reasons, we affirm the trial court's determination that wife is entitled to spousal support but reverse and remand the amount of the award for determination based on the parties' current circumstances.

<u>Affirmed, in part, and reversed and remanded, in part.</u>

-