COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


KATHI ANN CONAHAN-BALTZELLE

                                                          MEMORANDUM OPINION*

v.       Record No. 0830-04-3                                 PER CURIAM
                                                         SEPTEMBER 7, 2004
GARRETT NEIL BALTZELLE


                 FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                          James W. Updike, Jr., Judge

            (Barry M Tatel; Neil E. McNally; Key, Tatel & McNally, P.C., on
            brief), for appellant.

            No brief for appellee.


        Kathi Ann Conahan-Baltzelle (wife) appeals a final order of the trial court granting her a

divorce from Garrett Neil Baltzelle (husband).  On appeal, wife contends the trial court erred by:

(1) not awarding her a divorce on the ground of husband's adultery; (2) awarding husband the

family dog and awarding husband all the personal property he requested; and (3) denying her

motion for attorney's fees.  Upon reviewing the record and the opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

Rule 5A:27.


                                        Background

        Husband and wife were married in 1994, and no children were born of the marriage.  On

October 25, 2002, husband filed a bill of complaint for divorce in the trial court, alleging that

wife was guilty of extreme mental cruelty and constructive desertion.  Wife filed an answer and a

cross-bill against husband in which she demanded a divorce *a vinculo matrimonii* on the ground

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of adultery, a divorce *a mensa et thoro* on the ground of cruel treatment and desertion, distribution of the parties' real and personal property, including the family dog, and an award of attorney's fees. The trial court granted the parties a divorce by order entered on March 4, 2004.

In August 2002, husband told wife that he was unhappy with the marriage and he left the marital residence on August 23, 2002. Husband testified that he understood he was moving out of the marital residence for only two weeks in order to give wife time to move out of the house. Thereafter, husband intended to buy the house. However, at the end of the two-week period, wife had changed her mind and she decided to stay at the marital home. At the time of trial, wife had obtained an appraisal of the house, both parties had pre-qualified for a loan to buy the house, and both parties wanted to keep the house.

During the marriage, the parties shared household expenses and the parties maintained separate retirement funds and investments. Wife testified that she contributed more than fifty percent to the household expenses. Throughout the marriage, wife consistently had a greater income than husband.

The trial court ruled that wife was entitled to fifty-five percent of the marital property and husband was entitled to forty-five percent of the marital estate. The trial court stated that it considered the factors of Code § 20-107.3(E), particularly "the monetary contributions of each party, the duration of the marriage and the circumstances which contributed to the dissolution of the marriage" in making this distribution. The trial court also awarded wife the marital residence, valued at $156,000, in part because she was "in a position" to pay husband for his portion of the house. The court awarded each party their respective vehicles, and it awarded each party his or her own retirement plan and investments.

Husband requested a list of personal property items, such as tools, guns, sports memorabilia and music, which the court designated as part-separate and part-marital property.

The trial court valued the marital portion of these items at $10,000 and awarded all of the property to husband. Wife does not contest this award.

The trial court assigned wife her separate property. The court then found that the remaining personal property, consisting of fifty-seven household items from furniture to shower curtains, was marital property valued at $5,000. Wife requested these items, however, the trial court allocated the property to husband. Finally, the trial court ordered wife to pay husband $20,089.13 to complete equitable distribution of the estate.

The trial court awarded husband the family dog, which wife challenges on appeal. At the trial, husband testified that the parties' German Shepherd was "everything to [him]." Husband found the dog at the local animal shelter where he visited with the dog until it was available for adoption. Husband testified the dog "instantly bonded to [him]." Husband stated, "To me the dog is like a child that I don't have. And . . . I wanted him right from the start. I adopted him." Husband testified that he took the dog with him everywhere he went.

He also stated that when he moved away from the marital residence he decided to leave the dog there in order to avoid upsetting the dog, telling wife that she could keep the dog until she moved out of the house. Once the two-week time period for wife to vacate the house became a period of months, the parties agreed to a visitation schedule for husband and the dog. Husband stated that when he has visitation with the dog, he takes it for hikes in the mountains, runs in the park and walks. Husband expressed concern that wife does not give the dog proper exercise. Husband also testified that the dog runs to his truck when he retrieves the dog from the marital residence for visitation and has tried to run to husband's truck when husband returns him to the marital residence. Husband acknowledged that he never took the dog to a veterinarian when the dog was in his care.

Wife testified that the dog is "a child to me" and that she has taken care of the dog's needs, including obtaining licenses for the dog, grooming him, and taking him to the veterinarian. Once the parties separated, wife paid all costs of the dog's veterinary care.

Husband admitted that he entered into a post-separation sexual relationship with another woman. However, at the trial, he argued that the relationship had no economic impact on the marriage. The trial court awarded the parties a no-fault divorce and dismissed the parties' fault based grounds for divorce.

Analysis

Wife contends the trial court erred by not awarding her a divorce on the ground of husband's adultery.

It is well established that "[w]here dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989). Even if the evidence proved adultery, a trial court is "not compelled to 'give precedence to one proved ground of divorce over another.'" Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253 (1992) (citation omitted). The record establishes that the parties had been separated in excess of one year when the trial court granted the divorce on this ground. See Code § 20-91(9). Therefore, under the circumstances of this case, we find no grounds for reversing the decision of the trial court granting the parties a divorce on the ground of a one-year separation.

Wife also argues the trial court abused its discretion by awarding husband the family dog and the fifty-seven items of household personalty valued at $5,000.

Equitable distribution does not mean equal distribution. In adopting the equitable distribution model, the General Assembly "expressly rejected any presumption in favor of an equal distribution of marital property." Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d

- 4 -

829, 831 (1986). "Instead, a trial court considers the factors in Code § 20-107.3, to make a decision regarding division of marital property." Shackleford v. Shackleford, 39 Va. App. 201, 211, 571 S.E.2d 917, 922 (2002). Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it. See Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). "Unless it appears from the record that the trial judge has not considered or has misapplied one of the statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

In making the equitable distribution award, the trial court considered the evidence presented and the factors of Code § 20-107.3(E), finding the most relevant factors to be the monetary contributions of the parties, the duration of the marriage and the circumstances which contributed to the dissolution of the marriage. Indeed, the court awarded wife fifty-five percent of the marital estate, including the marital home, and awarded husband forty-five percent of the marital estate. This distribution included the award to husband of the $5,000 worth of household items. Because the trial court considered the statutory factors, based its decision upon the evidence, and did not abuse its discretion, we find no grounds for reversing the court's decision, particularly in light of the fact that wife received fifty-five percent of the marital property.

Furthermore, although both parties clearly have affection for the family dog, only one party could be awarded the dog. Husband presented evidence that he located the dog at the animal shelter, he adopted the dog, and he has a close bond with the dog. Under these circumstances, we cannot say the trial court abused its discretion by awarding the dog to husband.

Wife also asserts the trial court abused its discretion by not awarding her attorney's fees on the ground that husband's conduct caused the dissolution of the marriage, thereby causing her to incur attorney's fees for representation in the divorce action.

The decision to award attorney's fees is left to the sound discretion of the trial court, and an award will be overturned on appeal only if the trial court abused its discretion. Kane v. Szymczak, 41 Va. App. 365, 375, 589 S.E.2d 349, 354 (2003). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998).

The trial court did not grant the divorce based on a finding of adultery and, even if the court had granted a divorce based on a finding of adultery, it would not be compelled to hold husband responsible for some or all of wife's attorney's fees. We hold the court did not abuse its discretion in refusing the request for attorney's fees.

The judgment of the trial court is affirmed.

Affirmed.