COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


JAMES D. FORD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0458-08-1                      JUDGE JERE M.H. WILLIS, JR.
                                                         NOVEMBER 18, 2008
DEBORAH A. FORD


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                           A. Bonwill Shockley, Judge

            Jeanne S. Lauer (Inman & Strickler, PLC, on briefs), for appellant.

            L. Steven Emmert (Peter V. Chiusano; Sykes, Bourdon, Ahern &
            Levy, P.C.; Willcox & Savage, P.C., on brief), for appellee.


        On appeal from decrees granting him a divorce from Deborah A. Ford, awarding her

spousal support, and resolving issues of equitable distribution, James D. Ford contends that the

trial court erred (1) in denying him a divorce based on adultery; (2) in awarding Deborah spousal

support without a finding that denial would impose manifest injustice; (3) in valuing the Somme

Avenue property; (4) in denying him equitable distribution credit for his payment of marital

debts, including the mortgage on the former marital residence; (5) in assessing the value of his

retirement accounts on a pre-tax basis; (6) in designating the 2006 Harley Davidson motorcycle

as joint marital property; and (7) in designating his AIG SunAmerica account as joint marital

property.  We affirm the judgment of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting to it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

The parties were married on June 21, 1980, and finally separated on May 30, 2006. In Fall 2005, they discussed separation. At that time, James acknowledged previous extramarital affairs. The parties continued to live together in the marital residence. On February 22, 2006, James learned that in December 2005, Deborah had gone on a trip to California with Patrick Watson. At that time, he moved out of the marital bedroom. He vacated the marital residence on May 30, 2006.

In August 2005, James was laid off from his management position at Amerigroup. He did not seek re-employment. During most of the parties' marriage, Deborah stayed home to care for their children. At the time of the final hearing, she was employed full time.

James sued for divorce based on adultery. Deborah filed a cross-complaint, seeking a divorce based on adultery or constructive desertion. The trial court held that the evidence was insufficient to prove adultery. It further held that Deborah had failed to prove constructive desertion. It granted James a divorce based on the parties' having lived separate and apart for more than one year.

The parties' assets included real estate, motor vehicles, bank accounts, and retirement benefits. Their debts included a mortgage, loans, and credit cards. Each party presented evidence regarding the marital estate. After considering the equitable distribution factors, the trial court divided the marital estate equally between the parties.

Having found the evidence insufficient to prove adultery, and having considered the statutory factors, the trial court awarded Deborah spousal support.

- 2 -

ANALYSIS

Grounds for divorce

James contends first that he sufficiently proved Deborah's adultery and that the trial court erred in denying him a divorce on that ground.

Adultery must be proved by clear and convincing evidence. Coe v. Coe, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983). "'Raising a considerable or even strong suspicion of guilt is not enough . . . . [T]he proof must be such as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt.'" Hughes v. Hughes, 33 Va. App. 141, 146, 531 S.E.2d 645, 647 (2000) (quoting Haskins v. Haskins, 188 Va. 525, 531, 50 S.E.2d 437, 439 (1948) (citation omitted)).

"No divorce, annulment, or affirmation of a marriage shall be granted on the uncorroborated testimony of the parties or either of them." Code § 20-99. "The question of corroboration is one of fact, the decision of which in each case depends upon the peculiar facts of that particular case." Pommerenke v. Pommerenke, 7 Va. App. 241, 245, 372 S.E.2d 630, 632 (1988) (citation omitted).

The trial court's finding will be given "great weight" and will not be set aside "unless it is plainly wrong or without evidence to support it." Watts v. Watts, 40 Va. App. 685, 690, 581 S.E.2d 224, 227 (2003) (citation omitted).

James called Watson as a witness to corroborate Deborah's adultery. Watson admitted having sexual intercourse with Deborah. His testimony was the only evidence corroborating Deborah's admission of a "physical" relationship with him. However, Watson was served with a subpoena immediately before the hearing. When he testified, he was ill and needed medical attention. Having considered the witnesses and the content of their testimony, the trial court found this evidence insufficient to prove and corroborate adultery clearly and convincingly. This

holding fell properly within the fact-finding function of the trial court and is supported by the evidence.

### Spousal support

James next contends that the trial court erred in awarding Deborah spousal support without first finding that the denial of support would constitute manifest injustice.

> [N]o permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of subdivision (1) of § 20-91. However, the court may make such an award notwithstanding the existence of such ground if the court determines from clear and convincing evidence, that a denial of support and maintenance would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties.

Code § 20-107.1.

The trial court held that James had not proven adultery as a sufficient ground for divorce, a holding that we have upheld. James did not argue before the trial court that the proof was nonetheless sufficient to invoke the operation of Code § 20-107.1. Therefore, we do not consider this issue. Rule 5A:18.

### Somme Avenue property

James argues that the trial court erred in valuing the Somme Avenue property. He argues that in discovery Deborah valued this property higher than she did at trial, when she adopted the tax assessment. James offered no evidence as to the property's value. The trial court determined the value was equal to the tax assessment.

A court may "choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994). The evidence presented was credible and supports the trial court's finding of value.

Credit for payment of marital debts

James contends that the trial court erred in denying him credit for making the mortgage payments on the former marital residence, where Deborah resided, as required by the court's *pendente lite* order. During the course of the litigation, he was unemployed and was required to invade his retirement funds to meet this court-ordered obligation. He argues that he is entitled credit for these payments because he paid them from his retirement and the debt was marital. A court is not required to give a dollar-for-dollar credit for payment of debts out of separate property. von Raab v. von Raab, 26 Va. App. 239, 250, 494 S.E.2d 156, 161 (1997) (citing Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989)).

The trial court found that James was voluntarily unemployed and had the capacity to earn a high income. The record supports this finding. Had he been working, James would have had no need to invade his retirement funds to pay the mortgage. Thus, the record reflects no abuse of discretion by the trial court in denying James credit for invading retirement accounts to fund what he should have been able to pay out of his earnings.

Valuing husband's retirement accounts

James next contends that the trial court erred in valuing his retirement accounts on a pre-tax basis. He has advanced no authority in support of this position, and this contention may be considered waived. Rule 5A:20(e). Notwithstanding this, his argument lacks merit.

James liquidated his retirement accounts after the parties' separation. The trial court based its value of the retirement accounts on their statement values, not the amount that was actually received by James after deductions. It found that James was voluntarily unemployed, that had he been working, he would not have had to liquidate his retirement funds, and that the value of those funds would thus have been their statement values. We find no abuse of discretion in this analysis.

## 2006 Harley Davidson motorcycle

James next contends that the 2006 Harley Davidson motorcycle was his separate property. The motorcycle was purchased with funds from a joint account in October 2005. James contends that he purchased the motorcycle in anticipation of an inheritance and that he reimbursed the joint account when he received the inheritance. He presented no documentary evidence proving that the subsequent deposit into the joint account came from his inheritance. The trial court found this evidence insufficient to trace the Harley Davidson purchase funds to James's separate property.

"Under Code § 20-107.3, all property acquired during the marriage and before the last separation of the parties is presumed to be marital property in the absence of satisfactory evidence that it is separate property." Hart v. Hart, 27 Va. App. 46, 61, 497 S.E.2d 496, 503 (1998). "[T]he party . . . claiming property as separate has the burden to produce satisfactory evidence to rebut that presumption." Rexrode v. Rexrode, 1 Va. App. 385, 392, 339 S.E.2d 544, 548 (1986). "If no evidence is presented upon which a chancellor could properly identify and then classify an item as separate or marital property, faced with the statutory presumption and the lack of satisfactory evidence to rebut it, the chancellor must classify the property as marital." Stainback v. Stainback, 11 Va. App. 13, 17, 396 S.E.2d 686, 689 (1990).

The trial court did not err in classifying the Harley Davidson motorcycle as marital property.

## AIG SunAmerica annuity

James argues that the AIG SunAmerica annuity is his separate property, purchased with money he inherited from his father. As with the Harley Davidson motorcycle, James offered no evidence, other than his own testimony, tracing the annuity purchase to his inheritance. The trial court found that James had not met his burden of proving that the annuity was separate property and, therefore, classified it as marital. The trial court did not err.

CONCLUSION

The record supports the trial court's findings for the grounds for divorce, the spousal support award, and the classification and valuation of the property. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

Petty, J., concurring.

I concur in the judgment of the Court. I have chosen to write separately, however, because I do not agree with the majority's analysis regarding the issue of the grounds for divorce. I also believe that the husband did not properly object to the award of spousal support and therefore is barred from raising the issue on appeal.

Husband's first question presented challenges the decision of the trial court to award a divorce on the grounds of one-year separation of the parties rather than on the grounds of adultery by the wife. We have said on too many occasions to count that it is well established that "[w]here dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989) (citing Zinkhan v. Zinkhan, 2 Va. App. 200, 210, 342 S.E.2d 658, 663 (1986)); see Derby v. Derby, 8 Va. App. 19, 25, 378 S.E.2d 74, 77 (1989). See also Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253-54 (1992).

Accordingly, even if we assume for purposes of discussion that the husband is correct that the clear and convincing evidence established adultery by the wife, the trial court did not abuse its discretion by awarding the divorce based on the uncontested one-year separation of the parties.

Husband's second question presented is stated as follows:

> The trial court erred in an award of spousal support in the absence of a finding of manifest injustice, given the proof of Appellant's pre-separation adultery.

The real substance of his argument is that Code § 20-107.1 precluded the trial court from awarding spousal support, regardless of the grounds upon which the divorce was awarded, because he had proven adultery by clear and convincing evidence. However, this argument was not included in husband's objections to the final order of the trial court. Instead, his objection

regarding the issue of adultery went only to the equitable distribution of the house proceeds. Nowhere did the husband object to the award of spousal support. Accordingly, I would Rule 5A:18 prevents him from raising this issue for the first time on appeal.