COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Beales and Senior Judge Annunziata


DENNIS GROVER BLACKWELL

                                                        MEMORANDUM OPINION[*]
v.      Record No. 1229-10-2                                    PER CURIAM
                                                            DECEMBER 14, 2010
NATALIE DENISE BLACKWELL


                  FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                 Timothy J. Hauler, Judge

                        (Reginald M. Barley, on briefs), for appellant.

                        (Brandy M. Poss; Barnes & Diehl, P.C., on brief), for appellee.


        Dennis Grover Blackwell (husband) appeals a final decree of divorce.  Husband argues that

the trial court erred by (1) awarding Natalie Denise Blackwell (wife) a divorce based on living

separate and apart for one year; (2) denying husband an award of his attorney's fees for wife's

failure to comply with the discovery rules of the Supreme Court of Virginia; (3) denying husband an

award of attorney's fees for wife's vexatious and dilatory tactics; and (4) granting wife an award of

attorney's fees.  Upon reviewing the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                              BACKGROUND

        "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on June 19, 2004, separated on February 4, 2008, and divorced on May 13, 2010.

On September 11, 2009, husband filed a complaint for divorce, based on living separate and apart for one year. Wife filed an answer and counterclaim and propounded discovery to husband. On January 15, 2010, husband took depositions of himself and a witness to prove the grounds for divorce. On January 19, 2010, husband filed a notice to present the final decree of divorce, and a hearing was scheduled for February 2, 2010. Wife objected to the entry of the final decree since it did not address equitable distribution. She filed a motion for a pretrial order. On February 2, 2010, the trial court did not enter husband's proposed final decree, and granted wife's motion for a pretrial order. A final hearing, for purposes of final argument and presentation of a final decree, was scheduled for April 6, 2010. On March 9, 2010, wife took *de bene esse* depositions of husband. On March 17, 2010, the parties filed a stipulation regarding the marital residence and timeshare. Each party subsequently filed a memorandum in support of their proposed schemes of distribution.

On April 6, 2010, the parties argued their positions,[1] and on April 7, 2010, the trial court issued a letter opinion. The trial court accepted the parties' agreement regarding the marital residence, which was awarded to husband. The trial court divided the marital share of the parties' retirement and ordered that the timeshare be sold, declined to award spousal support, and awarded wife $5,000 for attorney's fees. The trial court entered a divorce on May 13, 2010. This appeal followed.

---

[1] Husband also presented brief evidence at this hearing since he did not present any evidence by depositions.

ANALYSIS

Grounds for divorce

Husband argues the trial court erred in awarding wife, not husband, a divorce based on living separate and apart for more than one year. Since wife filed a motion to change grounds, both parties sought a divorce based on living separate and apart for one year.[2]

It is well established that "where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989) (citing Zinkhan v. Zinkhan, 2 Va. App. 200, 210, 342 S.E.2d 658, 663 (1986)); see Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 254 (1992).

Husband failed to cite to any legal authority to support his argument that he should have been awarded the divorce. He cited only Code § 20-91(9)(a), which states that a divorce may be granted based on living separate and apart for more than one year.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Husband did not comply with Rule 5A:20(e) because his opening brief did not contain the standard of review or any principles of law or citation to legal authorities to fully develop his arguments.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

---

[2] In her counterclaim, wife originally asked for a divorce based on the grounds of adultery or constructive desertion. She subsequently filed a motion to change the grounds for divorce to living separate and apart for one year.

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the issue.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Attorney's Fees

I.

Husband argues that the trial court erred in denying him an award of attorney's fees.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'"  Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

Husband contends he should have been awarded attorney's fees because (1) wife filed a "frivolous" motion to compel and then failed to appear in court; (2) wife took "frivolous" *de bene esse* depositions of husband; and (3) wife purposely and unnecessarily extended the proceedings in the trial court.

Husband asserts that wife filed a "frivolous" motion to compel because the motion did not comply with Rule 4:12(a) and wife did not appear at the hearing.  On February 2, 2010, wife requested a hearing to compel husband's discovery responses, and the trial court scheduled a hearing for February 19, 2010.[3]  Wife filed her motion to compel on February 17, 2010, which stated husband's deficiencies in answering discovery.  Wife learned that the matter was not on the court's docket on February 19, 2010 and had been continued to the same date as the final hearing.  Husband requested attorney's fees because he was present in court on February 19,

---

[3] There is no transcript of the February 2, 1010 hearing.

- 4 -

2010, and wife was not present. There is nothing in the record to reflect what transpired on February 19, 2010; however, construing the evidence in the light most favorable to wife, she came to court on February 19, 2010 and learned that the matter was not on the court docket. Furthermore, the record does not support husband's position that wife abandoned her motion to compel. The trial court did not err in denying husband's request for attorney's fees regarding wife's motion to compel.

Husband also argues that he should have been awarded attorney's fees incurred when wife noticed him for *de bene esse* depositions of himself and herself. Husband protests that wife's counsel did not ask any questions of wife and only questioned husband regarding the former marital residence and timeshare. He argues that the *de bene esse* depositions were unnecessary; however, the trial court was accepting evidence by deposition. The final hearing was for argument and presentation of a final decree. Wife asked husband questions regarding equitable distribution. The *de bene esse* depositions were not frivolous, and the trial court did not err in denying husband's request for attorney's fees.

Furthermore, husband argues that he should have been awarded attorney's fees because wife engaged in vexatious conduct. The record does not reflect wife's vexatious conduct. She objected to his entry of the final decree because it did not resolve the equitable distribution issues. She proceeded with depositions, as required by the trial court. Husband asserts that wife acted in bad faith for stating in her counterclaim that she was seeking spousal support and a divorce based on fault grounds. However, neither party expended time or money on these issues, as wife did not pursue spousal support or a fault-based divorce. There was no unreasonable delay in the proceedings, as the parties presented their final argument on the date set by the trial court. There were no continuances of the final hearing.

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992). The trial court did not abuse its discretion in denying attorney's fees to husband.

## II.

Husband argues that the trial court erred in awarding attorney's fees to wife. Wife presented evidence that she incurred $5,364.50 in attorney's fees and costs. The trial court awarded her $5,000.

"[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The record reflects that the award of attorney's fees is reasonable based on the circumstances of this case. Husband initially filed his complaint for divorce without trying to resolve the issues. He then sought to obtain the divorce without resolving equitable distribution. He did not provide complete discovery responses and forced wife to file a motion to compel. Wife attempted to settle the matter, but to no avail. The trial court resolved the parties' issues in wife's favor. Accordingly, the trial court did not err in awarding wife $5,000 in attorney's fees.

## III.

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount

of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. Since wife has prevailed in this appeal, we deny husband's request for attorney's fees and costs incurred on appeal. <u>Rogers v. Rogers</u>, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for a determination and award of the appropriate appellate attorney's fees and costs incurred by wife.

<u>Affirmed and remanded.</u>